UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| QUINCE A. FRANCIS, JR., : | |
| Plaintiff, : | PRISONER |
| : | CASE NO. 3:11-cv-1344(VLB) |
| v. : | |
| : | November 21, 2011 |
| HARTFORD POLICE DEP'T, ET AL., : | |
| Defendants : | |

## INITIAL REVIEW ORDER

The plaintiff, Quince A. Francis, Jr., incarcerated and *pro se,* has filed a complaint under 42 U.S.C. § 1983. He names Hartford Police Officers Robert Hathaway, John Marvin and Parker and the Hartford Police Department as defendants.

The plaintiff alleges that on September 6, 2010, Officers Hathaway, Marvin and Parker responded to a complaint regarding a disturbance at the plaintiff's residence. The plaintiff was afraid to leave his home and went to the basement to wait until the officers had left his property.

When Officers Hathaway, Marvin and Parker found the plaintiff in the basement, they used a taser on him and beat him with their fists and night sticks. After these officers slammed the plaintiff into the stairs, they handcuffed him and searched him for contraband. The officers then choked the plaintiff and dragged him from the rear of his home to a police car and threw him inside. The plaintiff complained of pain in his chest and banged on the door of the police car to get the attention of the officers. In response, Officers Hathaway and Parker maced

the plaintiff and Officer Marvin rolled up the windows in the police car.

The plaintiff received saline solution to wash the mace from his eyes, but had to wait six hours to be sent to St. Francis Medical Center to receive medical treatment for other injuries he suffered as a result of the excessive use of force by Officers Hathaway, Marvin and Parker. The plaintiff would like to see these officer reprimanded or suspended. He also seeks monetary damages and payment of his medical bills.

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss . . . any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id*. Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' . . . 'a formulaic recitation of the elements of a cause of action' . . . [or] 'naked assertion[s]' devoid of 'further factual enhancement,' . . . does not

meet the facial plausibility" standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to liberally construe a *pro se* complaint, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir.2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

In order to state a claim for relief under section 1983 of the Civil Rights Act, the plaintiff must satisfy a two-part test. First, the plaintiff must allege facts demonstrating that the defendant acted under color of state law. Second, the plaintiff must allege facts demonstrating that he has been deprived of a constitutionally or federally protected right. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 930 (1982); *Washington v. James*, 782 F.2d 1134, 1138 (2d Cir. 1986).

Because the plaintiff's allegations pertain to the use of force during his arrest and conditions of confinement that occurred during his detention in police custody after his arrest, the court construes these claims of excessive force and denial of medical treatment against the defendants as brought pursuant to the Fourth and Fourteenth Amendments. *See Hemphill v. Schott*, 141 F.3d 412, 418 (2d Cir. 1998) ("Excessive force used by officers arresting suspects implicates the Fourth Amendment's prohibition on unreasonable seizures, rather than the Fourteenth Amendment's guarantee of substantive due process.")(citation omitted); *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983) (Due Process Clause of the Fourteenth Amendment "require[s] the responsible government or governmental agency to provide medical care to persons . . . who

have been injured while being apprehended by the police").

Municipal police departments are not independent legal entities and are not subject to suit under section 1983.  See *Nicholson v. Lenczewski*, 356 F. Supp. 2d 157, 164 (D. Conn. 2005).  Thus, the complaint must be dismissed as to the Hartford Police Department pursuant to 28 U.S.C. § 1915A(b)(1) as lacking an arguable legal basis.

After reviewing the allegations as to the remaining defendants, the court concludes that the case should proceed at this time as to the Fourth and Fourteenth Amendment claims of excessive force and denial of medical treatment as well as any state law claims against defendants Officers Hathaway, Parker and Marvin in their individual and official capacities.

## ORDERS

The court enters the following orders:

(1)     All claims against the Hartford Police Department are DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1).  The claims against defendants Hartford Police Officers Robert Hathaway, John Marvin and Parker in their individual and official capacities shall proceed.

(2)     The Pro Se Prisoner Litigation Office shall prepare the documents required for official capacity service on defendants Hartford Police Officers Robert Hathaway, John Marvin and Parker and deliver them to the U.S. Marshal Service.  Within fourteen (14) business days of this Order, the U.S. Marshals

Service shall serve the summons, a copy of the Complaint and this Order on these defendants in their official capacities by delivering the necessary documents in person to the Hartford Town and City Clerk, 550 Main Street, Hartford, CT 06103.

(3)     Within fourteen (14) business days of this Order, the Pro Se Prisoner Litigation Office shall mail waiver of service of process request packets to defendants  Officers Robert Hathaway, John Marvin and Parker in their individual capacities at the Hartford Police Department, 50 Jennings Road, Hartford, CT 06120.  On the thirty-fifth (35th) day after mailing, the Pro Se Office shall report to the court on the status of all waiver requests.  If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(4)     The Pro Se Prisoner Litigation Office shall send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(5)     Defendants shall file their response to the complaint, either an answer or motion to dismiss, within seventy (70) days from the date of this order.  If the defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above.  They may also include any and all additional defenses permitted by the Federal Rules.

(6)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within seven months (210 days) from the date of this

order.  Discovery requests need not be filed with the court.

(7)   All motions for summary judgment shall be filed within eight months (240 days) from the date of this order.

(8)   Pursuant to Local Civil Rule 7(a), a non-moving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

SO ORDERED at Hartford, Connecticut this 21st day of November, 2011.

_____/s/_____
Vanessa L. Bryant
United States District Judge