UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| QUINCE A. FRANCIS, JR. | : | |
| | : | |
| v. | : | CASE NO. 3:11CV1344(VLB) |
| | : | |
| HARTFORD POLICE DEP'T, ET AL.[1] | : | October 10, 202 |

RULING ON MOTION TO DISMISS

The plaintiff, Quince A. Francis, Jr., commenced tOctober 10, 2012his civil rights action *pro se* pursuant to 42 U.S.C. § 1983.  He alleges that on September 6, 2010, Hartford Police Officers Robert Hathaway, S. Parker and John H. Marvin used excessive force against him and denied him medical treatment for injuries suffered as a result of the use of excessive force.  Pending is a motion to dismiss filed by defendants Hathaway, Parker and Marvin.  For the reasons that follow, the motion is GRANTED.

I.      Standard of Review

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).   Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief.  *See Bell Atlantic v. Twombley*, 550 U.S. 544, 555

---

[1] On November 21, 2011, the court dismissed the complaint as the Hartford Police Department pursuant to 28 U.S.C. 1915A(b)(1).  (*See* Initial Review Order, Doc. No. 4.)

(2007).

The court applies a "two pronged approach" to evaluate a complaint's sufficiency.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  First, the court need not accept as true, allegations in the complaint that are simply "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Id.*  Second, the court considers whether the well-pleaded factual allegations in the complaint "state[s] a plausible claim for relief."  *Id.* at 679.  This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.*  The complaint must plead facts that demonstrate "more than a sheer possibility that a defendant has acted unlawfully."  *Id.* at 678.  Furthermore, "facts that are merely consistent with a defendant's liability . . . stop short of the line between possibility and plausibility of entitlement to relief."  *Id.* (citation and internal quotation marks omitted).

Even under this standard, however, the court liberally construes a *pro se* complaint.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Boykin v. KeyCorp*, 521 F.3d 202, 213-14, 216 (2d Cir. 2008).  In its review of a motion to dismiss, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken."  *Samuels v. Air Transport Local 504*, 992 F.2d 12, 15 (2d Cir. 1993).

II.  <u>Facts</u>

For the purposes of deciding this motion, the court assumes that the

following allegations, taken from the complaint, are true.  On September 6, 2010, Officers Hathaway, Marvin and Parker responded to a complaint regarding a disturbance at the plaintiff's residence.  The plaintiff was afraid to leave his home and went to the basement to wait until the officers had left his property.

When Officers Hathaway, Marvin and Parker found the plaintiff in the basement, they used a taser on him and beat him with their fists and night sticks.  After these officers slammed the plaintiff into the stairs, they handcuffed him and searched him for contraband.  The officers then choked the plaintiff and dragged him from the rear of his home to a police car and threw him inside.  The plaintiff complained of pain in his chest and banged on the door of the police car to get the attention of the officers.  In response, Officers Hathaway and Parker sprayed the plaintiff with mace and Officer Marvin rolled up the windows in the police car.

The plaintiff received saline solution to wash the mace from his eyes, but had to wait six hours to be sent to St. Francis Medical Center to receive medical treatment for other injuries he suffered as a result of the excessive use of force by Officers Hathaway, Marvin and Parker.  The plaintiff would like to see these officer reprimanded or suspended.  He also seeks monetary damages and payment of his medical bills.

III.   Discussion

The plaintiff sues the defendants in their official and individual capacities.  The defendants move to dismiss the complaint on the ground that the Section 1983 allegations against them in their official capacities fail to state a claim upon

which relief may be granted.

Official capacity lawsuits are another way of pleading an action against the entity of which the individual is an agent.  *See Brandon v. Holt*, 469 U.S. 464, 472, n.21 (1985).  Thus, the claims against Officers Hathaway, Parker and Marvin in their official capacities are claims against the City of Hartford.

A municipality cannot be held liable under 42 U.S.C. § 1983 for tortious acts of municipal employees unless an official policy or practice is responsible for those acts.  *See Monell v. New York City Dep't of Social Servs.,* 436 U.S. 658, 690-91 (1978).  Likewise, a municipal official sued in his official capacity cannot be held liable under section 1983 for the tortious acts of his or her municipal subordinates unless an official policy caused the unconstitutional tort.  *Id.* at 691 n.55.  Thus, neither a municipality or a municipal official in his or her official capacity can be held liable "solely because [the municipality] employs [or supervises] a tortfeasor –-or in other words . . . on a respondeat superior theory." *Id.* at 691.

The Plaintiff bears the burden of demonstrating the existence of such a policy or practice.  To establish a claim under *Monell*, "'a plaintiff must plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right.'"  *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) (quoting *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983)).

Here, the plaintiff alleges only one isolated incidence of excessive force

and delay in medical treatment.  "[A] single incident" . . . "involv[ing] only actors below the policy-making level," however, cannot establish a claim under Monell. *Riccuiti v. N.Y.C. Transit Authority*, 941 F.2d 119, 123 (2d Cir. 1991).  The plaintiff has not alleged that the defendants acted pursuant to an official policy or custom of the police department or city or that the isolated use of force and delay in medical treatment was so severe and unusual as to suggest a municipal policy or custom in and of itself.  Accordingly, the motion to dismiss the Fourth and Fourteenth Amendment claims against defendants Officers Hathaway, Marvin and Parker in their official capacities is granted.

IV.     Conclusion

The Motion to Dismiss [Doc. No. 20] is GRANTED.  The Fourth and Fourteenth Amendment claims against defendants Hathaway, Marvin and Parker in their official capacities are DISMISSED.   The Fourth and Fourteenth Amendment claims of excessive force and denial of medical treatment against defendants Hathaway, Marvin and Parker in their individual capacities and the state law claims against defendants Hathaway, Marvin and Parker in their individual and official capacities remain.

SO ORDERED this 10th day of October, 2012, at Hartford, Connecticut.


_____/s/_____
 Vanessa L. Bryant
 United States District Judge